## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re: | Bankruptcy No. 17-1-8594 LSS |
| **OLU CRAWFORD,** | Chapter 13 |
| *Debtor.* | **MOTION TO DIRECT PAYMENT** |

**NOW COMES** Debtor, by Counsel The Weiss Law Group, LLC, and Brett Weiss, and moves this Court to direct that certain funds being held by the Chapter 13 Trustee be paid to Counsel, and states:

1. Debtor filed the within case on June 23, 2017. Pursuant to the 2016(b) filed herein, Prior Counsel charged a flat fee for representation of $3,600.00, all of which was paid. Within counsel charged a flat fee of $995.00, $487.20 of which has been paid by the Chapter 13 Trustee. This balance of the fee, $507.80, was to be paid through the Debtor's Modified Chapter 13 Plan.

2. The Debtor has lost his employment, and is unable at the current time to make the Plan payments called for under the Modified Plan. Accordingly, at the request of the Debtor, Counsel has this date withdrawn the Debtor's Motion to Modify, the proposed Modified Plan, and the Opposition to the Chapter 13 Trustee's Motion to Dismiss.

3. As of the date of filing of this Motion, the Chapter 13 Trustee was holding the sum of $92.80 in Debtor payments (after deduction of Trustee fees).

4. Counsel requests that the Court enter an Order that the Chapter 13 Trustee pay Counsel directly from the monies held the balance of the attorney's fees due, less any trustee fees due and owing, and, if the monies held are in excess of the total fees, to refund the balance of the funds held to the Debtor.

5. Pursuant to 11 U.S.C. § 1326(a)(2), "If a plan is not confirmed, the trustee shall return any such payment to the debtor, after deducting any unpaid claim allowed under section 503(b) of this title." 11 U.S.C. § 503(b)(2) provides that administrative

expenses, "including - . . . compensation or reimbursement awarded under section 330(a) of this title" are allowed. Finally, 11 U.S.C. § 330(a)(4)(B) provides: "In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section."

6. Therefore, in a Chapter 13 case, Debtor's Counsel is within the scope of section 330(a) and counsel fees are an administrative expense. This administrative expense is entitled to payment directly from the funds held by the Chapter 13 Trustee.

7. The situation in the within case is distinguishable from that presented in *Harris v. Viegelahn,* 575 U.S. ___, 135 S.Ct. 1829 (2015), in that the Plan in this case has not been confirmed, and *Harris* did not involve the application of state law principles regarding irrevocable assignments, as discussed below.

8. In addition to the entitlement under the Code, the retainer agreement between Counsel and Debtor provides entitlement to the held funds. The retainer agreement provides in pertinent part, "You irrevocably assign to us your interest in all payments made to the Chapter 13 Trustee, to the extent of any balance due. If your case is dismissed or converted before our fees are paid in full, you agree to allow the Chapter 13 Trustee to pay the balance due to us directly from funds that would otherwise be returned to you." The Maryland Court of Appeals specifically addressed the effect of an assignment in a *Hernandez v. Suburban Hospital,* 319 Md. 226, 572 A.2d 144 (1990). The Court notes that a valid assignment transfers all right, title and interest in the assigned funds to the assignee. The holder of those funds, once placed on notice of the existence of the assignment, becomes personally liable should those funds be paid to the assignor, instead of the assignee. As the Court notes, quoting 6 Am.Jur.2d *Assignments* § 96, "[I]f, after receiving notice or obtaining knowledge of the assignment, the debtor pays, or compromises with the assignor, he will not be protected as against the assignee."

THE WEISS LAW GROUP, LLC
6404 IVY LANE SUITE 650
GREENBELT, MD 20770
(301) 924–4400

– 2 –

In other words, as a result of the assignment, Counsel has better title to the held funds by the Trustee than the Debtor.

9. Counsel has provided the following services to Debtor in this matter:

A. Spoke and met with Debtor and his prior counsel regarding taking over this case, prepared and filed a proposed modified Chapter 13 Plan, prepared and filed a Motion to Modify Plan, and dealt with the Chapter 13 Trustee's pending Motion to Dismiss;

B. Obtained a continuance of the hearing on the Chapter 13 Trustee's Motion to Dismiss;

C. Had discussions and correspondence with Debtor regarding his case; and

D. Performed such other services as are normal and incident to the representation of a Debtor in a Chapter 13 case.

10. Counsel respectfully submits and hereby affirms to the Court that the fees for the legal services expended and the legal services performed on behalf of Debtor were both reasonable and necessary, based on the customary compensation charged by Counsel and comparably skilled professionals. Counsel further submits that for the purpose of this Motion, the flat fee set forth above is a proper and equitable basis on which this Court may make an allowance for fees.

11. No agreement or understanding exists between Counsel and any other person for the division or sharing of compensation for services rendered or costs advanced in connection with Counsel's representation of Debtor.

12. The Chapter 13 Trustee may be entitled to fees in connection with the administration of this matter, which should be deducted from funds held before any distribution to Counsel hereunder.

**WHEREFORE,** Counsel prays that the Court order the Chapter 13 Trustee to pay the fees requested in this application directly to Counsel from the pre-confirmation payments held by the Chapter 13 Trustee, less any Trustee fees due and owing, and that the Chapter 13 Trustee be directed to make no disbursements from such funds until the resolution of this Motion.

Date: February 8, 2019 Respectfully Submitted,

THE WEISS LAW GROUP, LLC


By: _____/s/ Brett Weiss_____
BRETT WEISS, #02980
6404 Ivy Lane, Suite 650
Greenbelt, Maryland 20770
(301) 924-4400
brett@BankruptcyLawMaryland.com

### CERTIFICATE OF SERVICE

𝔍 𝔥𝔢𝔯𝔢𝔟𝔶 𝔠𝔢𝔯𝔱𝔦𝔣𝔶 that on the 8th day of February, 2019, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the above pleading will be served electronically by the Court's CM/ECF system on the following:

Nancy Spencer Grigsby, Chapter 13 Trustee

𝔍 𝔥𝔢𝔯𝔢𝔟𝔶 𝔣𝔲𝔯𝔱𝔥𝔢𝔯 𝔠𝔢𝔯𝔱𝔦𝔣𝔶 that on the 8th day of February, 2019, a copy of the above pleading was also mailed first class mail, postage prepaid, to:

None

_____/s/ Brett Weiss_____
BRETT WEISS